### In re Thomas H. YOUNG.

Court of Appeals of Kentucky.

Oct. 10, 1958.

No attorneys appear for appellant.

PER CURIAM.

Complaint was filed on September 27, 1957 against Thomas H. Young, charging him with seven violations of the American Bar Association's Canons of Professional Ethics and of his professional obligation. The alleged misconduct occurred between 1952 and 1957. The charges consist generally of failure and delay in accounting to his clients for funds collected. The complaint was filed following hearings by the Committee on Legal Ethics of the Louisville Bar Association. It was based on the recommendations of that committee, confirmed by unanimous resolution of the Executive Committee of the association.

A copy of the complaint was promptly forwarded to the respondent by mail. He was advised to answer by October 18, 1957. No response was forthcoming. On November 15, 1957, respondent was notified that since he had not answered, responded, or requested additional time to do so, the Trial Committee of the Kentucky State Bar Association, pursuant to RCA 3.290, had taken the allegations of the complaint as con-

fessed and proposed to recommend his permanent disbarment from the practice of law in Kentucky.

Respondent appeared before the Trial Committee on December 5, 1957, and was granted until January 1, 1958, to file his response. He indicated that he wanted to be heard on two of the seven counts. He gave illness as his excuse for failure to answer. When asked why he did not enlist the aid of some lawyer friend to prepare his response, he replied that he did not want his associates to know of the proceeding. No response or answer was filed. The Board of Bar Commissioners of the Kentucky State Bar Association, on January 24, 1958, adopted the recommendation of its Trial Committee. It found the respondent to be guilty of the charges and recommended that he be forever disbarred from the practice of law.

On February 7, 1958, a rule was served on the respondent, commanding him to answer within twenty days. On February 27, 1958, respondent tendered a response for filing with the Clerk of this Court. RCA 3.460 provides that such response shall not be filed unless accompanied by an acceptable bond for costs. The Clerk of this Court advised respondent of this rule by mail on February 28, March 3, and March 17, 1958. No bond has been executed. In the absence of such bond, the tendered response could not be filed or considered.

The respondent has exhibited in his own defense gross negligence in the protection of a vital right. This is similar to the failure and neglect to pay clients' funds charged in the complaint. The failure to respond to the charges before the Trial Committee and the Board of Bar Commissioners indicates an indifference which is not understandable. The failure to execute bond and the resulting failure to make defense in this Court are inexcusable. Ample time has been afforded respondent at each step in the proceeding. It is true that re-

spondent sought to excuse his failure or delay before the Trial Committee, but no excuse is offered for his later failures. When an attorney demonstrates such neglect or failure of his obligation, not only to his clients but also to himself, the profession should be made better by his disbarment.

The recommendation of the Board of Bar Commissioners is adopted, and it is ordered that Thomas H. Young be forever disbarred from the practice of law in Kentucky.